FILED
2023 Feb-07  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### ~~SOUTHERN~~ DIVISION
Northeastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ~~2:21-CR-00199-ACA-SGC~~ |
| | ) | 5:21 CR 181-LCB-HNJ |
| CHRISTOPHER WAYNE ARIVETT | ) | |

FILED
2023 FEB -7  A 10: 31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Indictment filed in the above-captioned matter and (ii) pay restitution in an amount to be determined by the Court but not less than $3,000 per victim[1]. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

---

[1] Pursuant to 18 U.S.C. § 2259(b)(2)(B), the court shall "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."

Defendant's Initials _CA_

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) as charged in **COUNT ONE** is:

a. Imprisonment for not more than 20 years;

b. A fine of not more than $250,000;

c. Both (a and b);

d. Supervised release of not less than FIVE years and not more than LIFE;

e. Special Assessment Fee of $100 per count;

f. An additional mandatory assessment under 18 U.S.C. § 3014 of $5,000 per count, if the defendant is non-indigent;

g. An AVAA Special Assessment Fee under 18 U.S.C. § 2259A of up to $17,000;[2]

h. Registration as a sex offender under the Sex Offender Registration and Notification Act;

i. Restitution; and

j. Forfeiture.

---

[2] 18 U.S.C. § 2259A(a)(1) provides that "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess - …" not more than $17,000 on any individual convicted of possession of child pornography.

Defendant's Initials _C-P_

## II. <u>FACTUAL BASIS FOR PLEA</u>

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On July 8, 2018, Investigator Gilliam ("Gilliam") of the Joint Electronic Crimes Task Force was conducting an online investigation on the BitTorrent[3] network for offenders sharing child pornography.  An investigation was initiated regarding a device located at IP address 104.8.205.18 for its association with an info hash[4] which identified as a file of investigative interest to child pornography investigations.  Using a computer running investigative BitTorrent software, Gilliam directly connected to the device utilizing the above IP address.  On that same date, a download was successfully completed of eleven (11) files containing child pornography as defined by 18 U.S.C. § 2256.

Through further investigation, the agent learned that the IP address referenced above was registered to AT&T.  In November 2018, a state grand jury subpoena was issued to AT&T for subscriber information related to the IP address. According to the records provided by AT&T, the subscriber of IP address

---

[3] BitTorrent (abbreviated to BT) is a communication protocol for peer-to-peer (P2P) file sharing which is used to distribute data and electronic files over the Internet.

[4] Info hash checks the integrity of downloaded data and is also used to check whether data is corrupted or not. Each data (may be in pieces) has a hash associated with it. After downloading the hash of downloaded data, it is calculated and checked with info hash of torrent.

Defendant's Initials _CP_

104.8.205.18 was listed as William Ewing at a specified address in Madison, Alabama. Through a search of the State of Alabama Drivers' License records, agents learned that William Ewing and Christopher Arivett both resided at that residence which is located in the Northern District of Alabama.

On January 16, 2019, a federal search warrant was obtained for that residence in Madison and was executed on January 17, 2019. Upon agents' arrival, agents identified two individuals at the residence, William Ewing ("Ewing") and his girlfriend.

Ewing was read his *Miranda* rights, waived his rights, and agreed to speak with agents. Ewing stated that he never viewed, downloaded, or distributed child pornography. He stated that an individual named Christopher Wayne Arivett ("Arivett") briefly rented a room at his residence until Arivett was incarcerated in August of 2018 in Oregon. Ewing stated that some of Arivett's property is still located in the garage. Ewing then directed the agents to two blue plastic storage containers located in his garage. Ewing stated that all of the property in those two (2) containers belonged to Arivett.

During a search of those two containers, the agents found the following: (1) an X-box; (2) two 3.5" Insignia External hard drives; (3) three 2.5" Insignia External hard drives; (4) a Samsung Notebook, (5) a Gorilla USB thumb drive, (6) a Dell

Defendant's Initials *C-P*

laptop computer, (7) an eMachines[5] computer tower, and (8) a box of miscellaneous documents with Arivett's name on them.   These items were seized pursuant to the search warrant for further examination.   Additionally, an onsite preview of Ewing's smart phone and his computer was conducted and revealed no child pornography.

On January 22, 2019, the evidence seized from the residence was taken for forensic examination to the Tennessee Valley Regional Computer Forensics Laboratory ("RCFL").   According to the RCFL forensic examination report, child sexual abuse material was located on two of the seized devices:   a black Insignia external hard drive with no visible serial number ("TVE729") and a black Insignia external hard drive with NS-PCHD235 on the outside of the case ("TVE730").   Furthermore, there were approximately 20 photographs of Arivett on the hard drives. On the TVE730 device, the listed user is "Trent" and the name "Christopher Arivett" was contained within many of the documents on the device.

Further analytic review of the child sexual abuse material on the defendant's devices revealed a total of 962 videos and 216 images which adhere to the federal definition of child pornography.   Of those videos and images, 582 depicted prepubescent children, 758 depicted penetration, 181 depicted humiliation, and 75

---

[5] eMachines was a brand of low-end personal computers. In 2004, it was acquired by Gateway, Inc., which was in turn acquired by Acer Inc. in 2007. The eMachines brand was discontinued in 2013.

Defendant's Initials *C.A.*

depicted toddlers or infants. The total number of child sexual abuse material images for sentencing purposes is therefore 72,366. A description of one of the videos is as follows:

File Name:
!!new!! hussyfan pthc kinderficker I ass fuck my stepdaughter jenniefer sofie ver in bath and cum(2)

Description:
This is a one minute 29 second video depicting a nude toddler female and an adult male. They are both in a gold-colored bathtub with a white wall. There appears to be a toy dinosaur in the corner. The toddler is standing, the male is kneeling. The video opens with the man attempting to insert his penis into the toddler's anus (00:00:00 – 00:00:11). Then the penis slips down and is protruding between the toddler's thighs and the man slides it against her vagina (00:00:17 – 00:00:29). At 00:00:29, the man pulls the child's hand to his penis. At 00:00:32, the man again attempts to penetrate the child's anus with his penis and at 00:00:53 the video clearly shows anal penetration. At 00:01:21, the man ejaculates on the toddler's abdomen.

Additionally, 252 image files, 279 video files, and 116 series were identified according to the NCMEC Child Identification Report.

Arivett was not at the residence at the execution of the search warrant but was incarcerated in the Warner Creek Correctional Facility in Oregon on ten (10) charges of encouraging child sex abuse in the second degree[6] and one charge involving

---

[6] A person commits the crime of encouraging child sexual abuse in the second degree if the person: (a) (A)(i) knowingly possesses or controls or knowingly accesses with the intent to view, a visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; or (ii) knowingly pays, exchanges or gives anything of value to obtain or view a visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person;

Defendant's Initials _L.A._

drugs.   Arivett had been arrested on the drug charge on October 10, 2016, and, at the time of his arrest, his cell phone was seized.   Oregon officers obtained a search warrant for his cell phone for evidence related to the drug offense.   During the forensic examination, officers located child pornography on Arivett's phone.   They then obtained a second search warrant for child pornography.   According to the Oregon police reports, the forensic examination revealed over 1,500 images of child pornography.   The images were mostly of young, prepubescent girls between the approximate ages of 4 and 10 years old and included images of bondage, bestiality, and sex acts with adult males.

Arivett had been released on bond prior to his plea in those cases and therefore was on bond for these charges in Oregon when he committed this federal offense of possession of child pornography.   On or about August 29, 2018, Arivett plead guilty to all charges with the state of Oregon but reserved his right to appeal the decision by the trial court denying his motion to suppress evidence.   On or about March 3, 2021, the Court of Appeals of Oregon reversed the lower court's decision and remanded the case.   The Oregon appellate court held that the "officer did not have

---

**and** (B) knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse; **or** (b) (A) knowingly pays, exchanges or gives anything of value to observe sexually explicit conduct by a child or knowingly observes, for the purpose of arousing or gratifying the sexual desire of the person, sexually explicit conduct by a child; **and** (B) knows or is aware of and consciously disregards the fact that the conduct constitutes child abuse. [Class C felony]

Defendant's Initials _____

objectively reasonable suspicion that defendant possessed an unlawful amount of marijuana, so as to justify extension of traffic stop." *State v. Arivett*, 309 Or.App.480 (2021).

After his release from incarceration in Oregon on April 22, 2021, but prior to his arrest on these federal charges, Arivett was charged in the state of Missouri for promoting child pornography and possession of child pornography on or about June 23, 2021. However, once the federal writ was executed in Missouri, the prosecutor dismissed the Missouri charges.

The Insignia devices were made in Taiwan and the Dell Inspiron device was manufactured in China. The Internet is an instrumentality of interstate commerce. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

Defendant expressly admits that he knowingly possessed child pornography and that such child pornography had been transported in interstate or foreign commerce.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do**

Defendant's Initials _ＣＡ_

not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

**CHRISTOPHER WAYNE ARIVETT**

## III. <u>RECOMMENDED SENTENCE</u>

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

a) The Government will recommend a two-level reduction (or three level reduction, if allowed by U.S.S.G. § 3E1.1(b)) in the defendant's adjusted offense level, based upon the defendant's apparent recognition and affirmative acceptance of personal responsibility for his criminal conduct. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, the government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice

Defendant's Initials

prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-conviction Relief" section of this plea agreement;

b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term WITHIN the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by this court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special conditions:

   a. That the defendant be required to be registered as a sex offender for the full term of his supervised release or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

Defendant's Initials _CA_

b. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer. This includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

c. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

d. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the

Defendant's Initials _CP_

cost of treatment according to the defendant's ability to pay;

e.  That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.  The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

f.  That the defendant be prohibited from using any computer, or any other device, with Internet access, unless approved in advance by the Probation Officer, or required for employment.  If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random

Defendant's Initials _C-L_

inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

e) That the defendant be required to pay restitution in an amount to be determined by the Court, but not less than $3,000 per victim;

f) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced, and

Defendant's Initials _Cro_

an additional special assessment fee of $5,000 if he is non-indigent;

g) That the defendant be ordered to pay an AVAA Special Assessment Fee under 18 U.S.C. § 2259A of up to $17,000, to be determined by the Court;

h) Should the Government learn that the defendant has sexually abused or assaulted any minor or committed any other crime of violence or if any other victim should come forward prior to the defendant's sentencing, this agreement will be considered **NULL AND VOID.**

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

In consideration of the recommended disposition of this case, I, **CHRISTOPHER WAYNE ARIVETT, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion**

Defendant's Initials

brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

(a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c)    Any claims of ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

Defendant's Initials _C_

**I, CHRISTOPHER WAYNE ARIVETT, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_____
**CHRISTOPHER WAYNE ARIVETT**

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature.   Sentencing is in the Court's discretion and is no longer required to be within the guideline range.   The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation.   Further,

Page **16** of **24**

Defendant's Initials

the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.**

Page **17** of **24**

Defendant's Initials *C-C*

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district or any other state or local authority. With the exception that the USAO for EDMO agrees not to indict defendant on Child pornography charges

## X. COLLECTION OF FINANCIAL OBLIGATION that occurred on 6/23/2021 as a condition of this plea agreement.

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The

Defendant's Initials

defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct.

Defendant agrees that restitution is ordered by the Court under 18 U.S.C. § 2259, which shall include the defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any

Defendant's Initials _C C_

restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

## XII.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

Defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the

Defendant's Initials _C⁓P_

defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to consent to forfeit all property involved in or used in the commission of the offense in COUNT ONE of the Indictment, which includes: a black Insignia external hard drive with no visible serial number and a black Insignia external hard drive with NS-PCHD235 on the outside of the case. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

## XIII.  SEX-OFFENDER REGISTRATION

The defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to Title 18 U.S.C. § 3583(d) and this Plea Agreement. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex-offender-registrant requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld. The defendant understands that he shall

Defendant's Initials _C_

keep his registration current, shall notify the state sex-offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex-offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex-offender registration requirements. If he resides in Alabama prior to incarceration or following release from prison, he will be subject to the registration requirements of Alabama Code §§ 15-20A-1, et seq., 13A-11-200, et seq., and other relevant Alabama law, which includes a registration requirement after a plea of finding of guilt. The defendant further understands that, under Title 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## XIV. <u>DEFENDANT'S UNDERSTANDING</u>

I have read and understand the provisions of this agreement consisting of **24 (twenty-four)** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial,

Page **22** of **24**

Defendant's Initials

to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:    *N/A*

[if none, state "NONE" or "N/A"]

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

07 FEB 2023
DATE

CHRISTOPHER WAYNE ARIVETT
Defendant

Page **23** of **24**

Defendant's Initials *CA*

## XV. <u>COUNSEL'S ACKNOWLEDGMENT</u>

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.   My client has conveyed to me that my client understands this Agreement and consents to all its terms.   I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.   I concur in the entry of the plea on the terms and conditions set forth herein.

2/7/23
DATE

KATRYNA SPEARMAN
Defendant's Counsel

## XVI. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

2/7/2023
DATE

R. LEANN WHITE
Assistant United States Attorney

Page **24** of **24**

Defendant's Initials